IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| CURTIS WAYNE COSTNER, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | 1:17-CV-376 |
| v. | ) | 1:15-CR-383 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

The petitioner Curtis Wayne Costner, a federal prisoner, has filed a "Motion for Clarification of Sentence" asking the Court for a written clarification of the concurrent/consecutive components of his sentence. He also asks the Court to order his immediate release from prison because he has served his complete sentence. The Magistrate Judge recommended that the motion be treated as a petition under 28 U.S.C. § 2241 and dismissed as filed in the wrong district. Mr. Costner objects to the consideration of his motion as a § 2241 petition and asks that the Court treat it as a motion to clarify. While the Court is appreciative of the procedural difficulties Mr. Costner is experiencing in raising his legal claims, the Court accepts the Recommendation of the Magistrate Judge and will deny his motion without prejudice.

BACKGROUND

On July 9, 2015, Mr. Costner was arrested on state charges in Guilford County Superior Court of Felony Indecent Liberties With a Child (Docket No. 15CRS79343) and

Misdemeanor Sexual Battery (Docket No. 15CRS79844). At the time of his arrest Mr. Costner was in possession of a stolen firearm. As such, he was charged in Guilford County Superior Court with the additional offenses of Felony Possession of a Stolen Firearm (Docket No. 15CRS79876) and Felony Possession of a Firearm by a Felon (Docket No. 15CRS79877). Mr. Costner was taken into state custody at the time of his July 9 arrest and he has remained in custody since that time.

Later that year, and while his state charges were still pending, Mr. Costner was indicted in this court on one count of Possession of a Firearm by a Felon based on his firearms possession on July 9, 2015 – the same conduct at issue on the pending state firearms charges. On February 4, 2016, Mr. Costner pled guilty in this court to the charge in the federal indictment. *See* Minute Entry; *see also* Doc. 16. That summer, the court sentenced him to a term of twenty-two months in the custody of the Bureau of Prisons. *See* Minute Entry June 27, 2016; Doc. 29.

At the time of his federal change of plea and sentencing, Mr. Costner was still in state custody on the pending state charges. *See* Doc. 24 at ¶¶ 27, 34. As noted, two of those pending charges arose from the same acts which formed the basis for his federal conviction: Mr. Costner's possession of the same firearm on the same date. Other pending charges were unrelated. This court, in its judgment, ordered that if Mr. Costner were convicted of any of the related charges in state court, the sentence should run concurrently, and that if he were convicted of any unrelated charges in state court, the sentence should run consecutively. Doc. 29.

2

Thereafter, Mr. Costner's pending state charges were resolved. On October 12, 2016, the charges for Felony Possession of a Stolen Firearm (No. 15CRS79876) and Felony Indecent Liberties With a Child (No. 15CRS79843) were dismissed and Mr. Costner pled guilty to the Felony Possession of a Firearm by a Felon and Misdemeanor Sexual Battery. The Superior Court imposed a consolidated judgment and a unified sentence of 17 to 30 months, crediting Mr. Costner with 461 days spent in custody as the result of these charges.

Following his state court sentencing hearing, Mr. Costner completed his state sentence in the custody of state authorities and on March 21, 2017, he was surrendered to the custody of the federal Bureau of Prisons. Doc. 36-10 (Federal Bureau of Prisons Sentence Monitoring Computation Data For; *see* "Date Committed" Entry). Consistent with the state court judgment, Mr. Costner served approximately 18 months as the result of the 17-30 month state sentence.

Upon his commitment to federal custody, the Bureau of Prisons advised Mr. Costner through its Sentence Monitoring Computation System that his projected release date is October 15, 2018, approximately 19 months after he was moved into federal custody. *Id.* This decision gives him no credit for any time spent in state custody.

Believing that he was entitled to credit against his federal sentence for time spent in state custody because of the Court's judgment that his federal sentence should run concurrently to any state sentence imposed on the state firearms charge, Mr. Costner filed

the pending "Motion for Clarification of Sentence," Doc. 1,[1] asking the Court for a written clarification of the concurrent/consecutive components of his sentence. He also asks the Court to order his immediate release from prison because he has served his complete sentence.

The Magistrate Judge recommended that the motion be treated as a petition under 28 U.S.C. § 2241 and dismissed as filed in the wrong district. Doc. 2. Mr. Costner objects to consideration of his motion as a § 2241 petition and asks that the Court treat it as a motion to clarify. Doc. 4 at 2. Upon review, the Court appointed counsel for Mr. Costner and extended the time for supplemental objections. Doc. 5. After counsel indicated that the Bureau of Prisons would be asking the Court informally to clarify its sentence, Doc. 7 at 4, the Court explained how Mr. Costner's state sentence affected his federal sentence. Doc. 8. Counsel has now supplemented his objections, indicating that the BoP has decided to run Mr. Costner's sentence partially concurrent and asking for further clarification. Doc. 9. The government has filed no response.

ANALYSIS

To the extent Mr. Costner seeks an order from this Court directing the Bureau of Prisons to release him because he has served his sentence, the motion will be denied. As the Magistrate Judge correctly noted, such a request is appropriately brought only pursuant to § 2241 in the district where a petitioner is held in custody.

---

[1] This citation and all subsequent citations refer to docket entries in the civil action, 1:17-CV-376. Preceding cites were to the criminal docket.

4

To the extent Mr. Costner seeks an order from this Court as to how the Bureau of Prisons should apply credit due for time served in state custody before conviction on state charges, such a matter is also appropriately addressed by a § 2241 petition. "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court." *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *see Dean v. United States*, No. 3:13cv715, 2014 WL 1316061 at *4 (W.D.N.C. Apr. 1, 2014) (the decision in *Setser v. United States*, 132 S. Ct. 1463 does not authorize post-judgment modification of a sentence in order to deal with concurrent/consecutive issues).

To the extent Mr. Costner asks the Court to clarify its judgment in light of developments occurring in state court after it imposed judgment, the Court concludes it is without authority to issue a corrected judgment. Once a term of imprisonment has been imposed it is generally considered to be "final for all purposes." 18 U.S.C. § 3582(b). Narrow exceptions exist that permit a court to modify a term of imprisonment, but none exist here. *See* 18 U.S.C. § 3582(b), (c). Nor do the exceptions in Rule 35 and Rule 36 of the Federal Rules of Criminal Procedure apply in these circumstances. *See Dean*, 2014 WL 1316061 at *3.

The Court appreciates the arguments raised by able appointed counsel and the assistance he has provided to Mr. Costner. The Court has no disagreements with his interpretation of the Court's judgment. *See* Docs. 8, 9. Nonetheless, the Court concludes that it is without jurisdiction to order the relief the petitioner seeks.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the petitioner's motion for clarification of sentence, Doc. 1, is **DENIED** without prejudice to an action brought in the appropriate district pursuant to 28 USC § 2241.

This the 14th day of August, 2017.

_____
UNITED STATES DISTRICT JUDGE